# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

LAURA SALINAS,

    **Plaintiff**

v.                                      **Civil Action No.** _____

CORA SINCLAIR and
SCOTT SINCLAIR,

    **Defendants.**

## COMPLAINT

NOW COMES Plaintiff Laura Salinas, complaining of Cora Sinclair and David Sinclair, and for cause of action shows:

### PARTIES

1. Plaintiff Laura Salinas (hereinafter, "Ms. Salinas") is currently a citizen of the United States who presently resides at 10021 Deer Chase Trail, Austin, Texas 78747. Plaintiff Salinas resided at 3802 Half Turn Rd Apt. 210, Colorado Springs, Colorado 80917 at the time of the subject wreck.

2. Defendant Scott Sinclair is a citizen of the United States who lives at or is located at the following address: 4550 Lasater Trail, Colorado Springs, Colorado 80922.

3. Defendant Cora Sinclair is a citizen of the United States who lives at or is located at the following address: 4550 Lasater Trail, Colorado Springs, Colorado 80922.

### JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because 1) there is complete diversity of citizenship between Plaintiff and Defendants, and 2) there is more than $75,000 in controversy exclusive of interests and costs.

5. Venue is proper in this action pursuant to 28 U.S.C. § 139(b)(2) because the subject motor vehicle collision occurred in El Paso County, Colorado, within this judicial district.

## FACTS

6. Ms. Salinas was injured on or about January 14, 2019, when Plaintiff Salinas stopped at a red light at the intersection of Powers and Barnes.

7. Defendant Cora Sinclair, who was driving directly behind Plaintiff, failed to stop while her father, Defendant Scott Sinclair, was teaching her to drive, which resulted in the rear-end crash.

8. Upon information and belief, Defendant Scott Sinclair is the father of Cora Sinclair and the head of the Defendant Scott Sinclair's household.

9. Upon information and belief, Defendant Scott Sinclair is the owner of the Town & Country Minivan Defendant Cora Sinclair was driving at the time of the Crash.

10. Upon information and belief, Defendant Scott Sinclair knew on the date of the Crash that Defendant Cora Sinclair did not have a driver's license.

11. As a result of the collision, Plaintiff suffered personal injury.

## FIRST CLAIM FOR RELIEF

### (Negligence against Defendant Cora Sinclair)

12. Defendant Cora Sinclair owed a duty to Ms. Salinas to exercise reasonable care in the operation of the vehicle she was driving at the time of the Crash.

13.     Defendant Cora Sinclair breached her duty to Ms. Salinas to exercise reasonable care in the operation of the vehicle she was driving at the time of the Crash.

14.     Defendant Cora Sinclair was negligent in the operation of the vehicle she was driving at the time of the Crash.

15.     As a direct and reasonably foreseeable result of the negligence of Defendant Cora Sinclair during the Crash, Ms. Salinas has suffered and may continue to suffer injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

## SECOND CLAIM FOR RELIEF

### (Negligence *Per Se* against Defendant Cora Sinclair)

16.     Defendant Cora Sinclair's conduct during the Crash violated C.R.S. §42-4-1402.

17.     Defendant Cora Sinclair violated C.R.S. §42-4-1402 when she drove the vehicle in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances.

18.     The purpose of C.R.S. §42-4-1402 is to prevent the types of injuries that Ms. Salinas sustained as a result of the Crash.

19.     Defendant Cora Sinclair was negligent *per se* as a result of her violation of C.R.S. §42-4-1402.

20.     Defendant Cora Sinclair's conduct during the Crash also violated C.R.S. §42-4-1008.

21.     Defendant Cora Sinclair violated C.R.S. §42-4-1008 when she followed Ms. Sinclair's vehicle more closely than was reasonable and prudent, having due regard for the speed of that vehicle and her own and the traffic upon and the condition of the highway.

22. The purpose of C.R.S. §42-4-1008 is to prevent the types of injuries that Ms. Salinas sustained as a result of the Crash.

23. Defendant Cora Sinclair was negligent *per se* as a result of her violation of C.R.S. §42-4-1008.

24. Ms. Salinas is within the class of persons that C.R.S. §42-4-1008 and C.R.S. §42-2-1402 were enacted to protect.

25. As a direct and reasonably foreseeable result of the negligence *per se* of Defendant Cora Sinclair during the Crash, Ms. Salinas has suffered and may continue to suffer injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

### THIRD CLAIM FOR RELIEF

#### (Negligent Entrustment Against Defendant Scott Sinclair)

26. Defendant Scott Sinclair is the listed owner of the Town & Country Minivan that struck Ms. Salinas.

27. Defendant Scott Sinclair permitted Defendant Cora Sinclair to use the vehicle involved in the Crash.

28. Upon information and belief, at the time of the Crash, Defendant Cora Sinclair was driving on an instruction permit and not a full driver's license.

29. Defendant Scott Sinclair failed to exercise caution and diligence to ensure Defendant Cora Sinclair did not operate the vehicle in a manner involving unreasonable risk of physical harm to others.

30. Defendant Scott Sinclair's failure to exercise reasonable care and caution prior to permitting Defendant Cora Sinclair to use the vehicle creates liability through negligent entrustment.

## DAMAGES

31. Each of the aforementioned acts and omissions constituted negligence on the part of Defendants and were a proximate cause of the occurrence in question and the injuries and damages sustained by Plaintiff.

32. Ms. Salinas has suffered and may continue to suffer injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement.

33. As a direct and reasonably foreseeable result of her injuries, Ms. Salinas was rendered more vulnerable to subsequent injury.

34. As a direct and reasonably foreseeable result of the Crash, Ms. Salinas had her lifestyle compromised.

## MISNOMER

35. In the event that Plaintiff has misspelled or misidentified Defendant Scott Sinclair's daughter who was driving at the time of the crash, Plaintiff pleads misnomer.

## JURY DEMAND

36. Plaintiff demands that all claims be tried to a jury and pays the requisite fee, electronically through counsel, with this Complaint and Jury Demand.

WHEREFORE, Plaintiff, Laura Salinas, requests that judgment be entered in her favor and against Defendants Cora Sinclair and Scott Sinclair, for all available relief, including without limitation economic damages, non-economic damages and damages for physical impairment and disfigurement, as well as and interest, costs, and attorney's fees, and such other relief as this Court deems proper.

DATED this 6th day of January, 2022.

BRYLAK & ASSOCIATES, LLC
**Duly Signed Original at the Offices of Brylak & Associates, LLC**

*/s/ Wallace M. Brylak, Jr.*

Wallace M. Brylak, Jr. No. 51812
Brylak & Associates, LLC
2 N. Cascade Ave., Ste 1120
Colorado Springs, Colorado 80903
Telephone:   (719) 224-4444
Email:            wbrylak@brylaklaw.com
*Attorneys for Plaintiff*

Plaintiff's Address:
10021 Deer Chase Trail
Austin, TX 78747